## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## SEVAKIS INDUSTRIES, INC., Respondent.

No. 78–1553.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 22, 1978.

Decided Oct. 16, 1980.

---

* Honorable Ralph B. Guy, Jr., Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

6

Elliott Moore, Deputy Associate Gen. Counsel, Helen Morgan, Jay Stewart, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Phillip B. Maxwell, John W. Frasco, Tripp, Freydl, Frasco & Oldani, Bloomfield Hills, Mich., for respondent.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge, and PECK, Senior Circuit Judge.

## ORDER

On receipt and consideration of a decision and order of the National Labor Relations Board panel in this case, reported at 233 N.L.R.B. No. 50, which order adopted in whole the opinion of the Administrative Law Judge who heard five separate charges filed by the union against the employer claiming violations of § 8(a)(1), 8(a)(3) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* (1976); and

Noting that the many changes in policy and disciplinary measures adopted by the company came close on the heels of a union card-signing campaign and a subsequent Board-conducted election which the union won by a 16–8 vote; and

Further noting that President Sevakis, in response to a not very politely phrased complaint from one employee, responded, "You guys wanted a union and this is the way things are going to be," and that foreman Landry responded to a similar complaint about the new rules by replying, "it was going to get a whole lot tougher,"; and

Reading the progression of events as set forth in the briefs of the parties and the findings of fact of the Administrative Law Judge which have now been adopted by the Board in toto; and

While we might have viewed various aspects of these charges differently if we were the fact-finders, and if the charges were isolated from one another, the cumulative effect of the evidence is such as to convince us that we cannot appropriately hold that the findings of fact and conclusions of law adopted by the Board are not supported by substantial evidence on the whole record.

Enforcement of the Board's order is therefore granted.